**ANNE WANG, CA Bar No. 151000**
awang@lrrc.com
**DREW WILSON, CA Bar No. 283616**
dwilson@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
655 N. Central Avenue, Suite 2300
Glendale, CA  91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff
U.S. MERCHANTS FINANCIAL GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. MERCHANTS FINANCIAL GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HARBOR FREIGHT TOOLS USA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:21-cv-00863<br><br>**COMPLAINT FOR:**<br>1. **DESIGN PATENT INFRINGEMENT**<br>2. **INFRINGEMENT OF UNREGISTERED TRADE DRESS**<br>3. **CAL. BUS. CODE § 17200**<br>4. **CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff U.S. Merchants Financial Group, Inc. ("U.S. Merchants" or "Plaintiff"), by and through its attorneys, asserts this Complaint against Harbor Freight Tools USA, Inc. ("Defendant" or "Harbor Freight") as set forth below.

-1-

113364239.3

**THE PARTIES**

1. U.S. Merchants is a California corporation with its principal place of business in Beverly Hills, California.

2. On information and belief, Harbor Freight is a Delaware corporation with its principal place of business in Calabasas, California.

**JURISDICTION AND VENUE**

3. This is an action for Design Patent Infringement 35 U.S.C. § 1 et seq., unfair competition under the Lanham Act, 15 U.S.C. § 1125 et seq., California State statutory unfair competition under California Business and Professions Code § 17200 et seq., and California State common law unfair competition.

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a). The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. Accordingly, this Court has supplemental jurisdiction over U.S. Merchants' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) as the Central District is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or in the alternative, under 28 U.S.C. §§1391(b)(1) as the Defendant resides in this district.

**FACTUAL BACKGROUND**

**U.S. Merchants' Intellectual Property Rights in Storage Products**

6. U.S. Merchants is a leader in the industry for storage and packaging products. U.S. Merchants' products are protected by a variety of intellectual property rights, including but not limited to design patents, utility patents, and

1  trademarks. U.S. Merchants' products are available for purchase at various
2  retailers nationwide.
3      7.     U.S. Merchants is the owner of United States Design Patent
4  No. D762,471 (the "'471 Patent") which claims the ornamental design for a lid.
5  This patent was filed on June 12, 2015, and issued August 2, 2016. Attached as
6  Exhibit A is a copy of the '471 Patent.
7      8.     Perspective and orthogonal views of the lid claimed by the '471
8  Patent are reproduced below:



**Perspective View of the Lid Claimed by the '471 Patent**

\*   \*   \*

113364239.3



**Top Down Orthogonal View of the Lid Claimed by the '471 Patent**

9. U.S. Merchants is the owner of United States Design Patent No. D762,387 (the "'387 Patent") which claims the ornamental design for a container. This patent was filed on June 12, 2015, and issued August 2, 2016. Attached as Exhibit B is a copy of the '387 Patent.

10. Perspective, orthogonal, side, and end views of the container claimed by the '387 Patent are reproduced below:

\* \* \*

113364239.3



**Perspective View of the Container Claimed by the '387 Patent**

\* \* \*



**Top Down Orthogonal View of the Inside of the Container Claimed by the '387 Patent**



**Long Side View of the Container Claimed by the '387 Patent**



**Short Side View of the Container Claimed by the '387 Patent**

11. U.S. Merchants has commercialized the lid and container products illustrated and claimed in the '471 and '387 Patents (collectively, the "Diamond Container").

12. Since its launch in or around June, 2017, the Diamond Container has been a resounding success. U.S. Merchants has sold millions of units of the Diamond Container with its unique ornamental patterns which serve as a source identifier.

13. A number of the features of the Diamond Container are purely ornamental such as the diamond pattern on the lid, the divots on the sides of the

113364239.3

container, and the cross pattern on the bottom of the container. Their design is not essential to the use or purpose of the Diamond Container, nor do they effect the cost or quality of the Diamond Container. These design features of the Diamond Container individually and/or collectively form unique and distinctive trade dress, which is not functional.

14. On information and belief, U.S. Merchants has made substantially exclusive use of the ornamental features of the Diamond Container since at least as early as June, 2017.

15. On information and belief, through U.S. Merchants' extensive and continuous sales of the Diamond Container, the ornamental features of the Diamond Container have acquired significant secondary meaning in the mind of the consuming public, who now associate the Diamond Container with U.S. Merchants.

### Harbor Freight's Adoption and Use of the Diamond Container

16. U.S. Merchants recently became aware of Harbor Freight's sale of a bin (i.e., a lid and container) under its Franklin brand (the "Franklin Container") that is identical or nearly identical the Diamond Container.

17. As illustrated below, the lid of the Franklin Container features the same aesthetic design illustrated and claimed in the '471 Patent, as well as the same trade dress embodied in the Diamond Container.

\*   \*   \*

113364239.3



**HF Franklin Lid**       **'471 Patent**       **Diamond Container**

18.     As illustrated below, the body of the Franklin Container features the same aesthetic design illustrated and claimed in the '387 Patent, as well as the same trade dress embodied in the body of the Diamond Container.



**HF Franklin Body**       **'387 Patent**       **Diamond Container Body**

113364239.3



19. As can be seen above, the Franklin Container is an identical or nearly identical copy of the Diamond Container and therefore includes all or substantially all of the ornamental features and the trade dress of the Diamond Container.

20. On information and belief, an ordinary purchaser who is familiar with the prior art would encounter Harbor Freight's Franklin Container, and believe that the lid for the container is the design claimed by the '471 Patent, and that the body was the design claimed by the '387 Patent.

21. U.S. Merchants' Diamond Container is marked with notices indicating that it is protected by the '471 and '387 Patents.

22. Harbor Freight's copying of the design claimed by the '471 and '387 Patents constitutes design patent infringement.

23. Harbor Freight's Franklin Containers also infringe U.S. Merchants' trade dress rights in the commercial embodiment of the Diamond Container.

24. Harbor Freight's identical or nearly identical copying of the Diamond Container and all of its prominent, aesthetic, source identifying features

113364239.3

is likely to cause confusion as to the source, origin, sponsorship, and/or affiliation between Harbor Freight and its Franklin Containers on the one hand, and U.S. Merchants and of its Diamond Containers on the other hand.

25. On information and belief, U.S. Merchants is already aware of instances of actual confusion regarding the source, origin, sponsorship, and/or affiliation of the Harbor Freight Franklin Container and the Diamond Container

26. On information and belief, Harbor Freight's infringement of the '471 Patent, the '387 Patent, as well as the trade dress of the Diamond Container, was and continues to be willful.

27. Prior to its manufacturing, distribution, and/or sales of the Franklin Container, Harbor Freight contacted U.S. Merchants for the purpose of purchasing from U.S. Merchants various products including the Diamond Container. U.S. Merchants provided Harbor Freight with a price quote that included pricing for the Diamond Container.

28. On information and belief, Harbor Freight was aware of the '471 and '387 Patents when it began importing and selling the Franklin Containers.

29. On information and belief, Harbor Freight was aware of the commercial success of U.S. Merchants' Diamond Containers, and the trade dress rights that U.S. Merchants had of the Diamond Containers when it began manufacturing, selling, and/or distributing the Franklin Containers.

30. On information and belief, Harbor Freight intended to freeride on the goodwill that U.S. Merchants had established for the Diamond Containers.

31. The Diamond Containers are NSF certified meaning that a third party standards setting organization accredited by the American National Standards Institute has verified that the Diamond Container is safe for food storage.

32. On information and belief, the Franklin Containers are not NSF certified. Given their identical appearance to the Diamond Containers, this lack of

certification harms the outstanding reputation held by U.S. Merchants and the Diamond Container by their association with an inferior product.

## COUNT I

### (Patent Infringement of the '471 Patent)

33. U.S. Merchants repeats and realleges the allegations of paragraphs 1 through 32 of the Complaint as if fully set forth here.

34. Harbor Freight has offered for sale and sold in this district and elsewhere containers that infringe the design claimed by the '471 Patent.

35. By its aforesaid acts, Harbor Freight has violated 35 U.S.C. § 271 by its direct infringement of U.S. Merchants' patent.

36. U.S. Merchants has been damaged by the aforesaid infringement of U.S. Merchants' patent, and will suffer irreparable damages unless Harbor Freight's infringement is enjoined by this court. U.S. Merchants does not have an adequate remedy at law.

37. On information and belief, Harbor Freight's acts of patent infringement have been willful and taken without regard to the established rights of U.S. Merchants.

## COUNT II

### (Patent Infringement of the '387 Patent)

38. U.S. Merchants repeats and realleges the allegations of paragraphs 1 through 37 of the Complaint as if fully set forth here.

39. Harbor Freight has offered for sale and sold in this district and elsewhere containers that infringe the designs claimed by the '387 Patent.

40. By its aforesaid acts, Harbor Freight has violated 35 U.S.C. § 271 by its direct infringement of U.S. Merchants' patent.

41. U.S. Merchants has been damaged by the aforesaid infringement of U.S. Merchants' patent, and will suffer irreparable damages unless Harbor

113364239.3

Freight's infringement is enjoined by this court. U.S. Merchants does not have an adequate remedy at law.

42. On information and belief, Harbor Freight's acts of patent infringement have been willful and taken without regard to the established rights of U.S. Merchants.

## COUNT III

### (Infringement of Unregistered Trade Dress Under the Lanham Act 15 U.S.C. § 1125)

43. U.S. Merchants repeats and realleges the allegations of paragraphs 1 through 42 of the Complaint as if fully set forth here.

44. The above-cited acts by Harbor Freight constitute infringement of unregistered trade dress of U.S. Merchants in violation of 15 U.S.C. § 1125.

45. U.S. Merchants has been damaged by Harbor Freight's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Harbor Freight's and/or U.S. Merchants' products.

46. By reason of Harbor Freight's actions alleged herein, U.S. Merchants has suffered irreparable injury to its goodwill.

47. On information and belief, Harbor Freight's acts of trade dress infringement have been willful and taken without regard to the established rights of U.S. Merchants.

## COUNT IV

### (Unfair Competition Under Cal. Civ. Code § 17200 et seq.)

48. U.S. Merchants repeats and realleges the allegations of paragraphs 1 through 47 of the Complaint as if fully set forth here.

49. The above-cited acts by Harbor Freight constitute unfair competition in violation of California Business and Professions Code § 17200 et seq.

113364239.3

50. U.S. Merchants has been injured by Harbor Freight's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Harbor Freight's and/or U.S. Merchants' products.

51. By reason of Harbor Freight's actions alleged herein, U.S. Merchants has suffered irreparable injury to its goodwill.

52. On information and belief, Harbor Freight's acts of unfair competition have been willful and taken without regard to the established rights of U.S. Merchants.

## COUNT V

### (California Common Law Unfair Competition)

53. U.S. Merchants repeats and realleges the allegations of paragraphs 1 through 52 of the Complaint as if fully set forth here.

54. The above-cited acts by Harbor Freight constitute unfair competition in violation of the California common law.

55. U.S. Merchants has been damaged by Harbor Freight's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Harbor Freight's and/or U.S. Merchants' products.

56. By reason of Harbor Freight's actions alleged herein, U.S. Merchants has suffered irreparable injury to its goodwill.

57. On information and belief, Harbor Freight's acts of unfair competition have been willful and taken without regard to the established rights of U.S. Merchants.

113364239.3

**PRAYER FOR RELIEF**

WHEREFORE, U.S. Merchants prays for:

1. A permanent injunction restraining Harbor Freight, its officers, directors, agents, employees, representatives and all persons acting in concert with Harbor Freight, from engaging in any further patent infringement and unfair competition;

2. A monetary award to compensate U.S. Merchants for Harbor Freight's infringement of the '471 and '387 Patents under 35 U.S.C. § 284, including treble damages;

3. Disgorgement of any profits Harbor Freight enjoyed as a result of its infringement of the '471 and '387 Patents under 35 U.S.C. § 289;

4. A monetary award to compensate U.S. Merchants for the full value of its trade dress stolen by Harbor Freight;

5. Disgorgement of any profits Harbor Freight enjoyed as a result of the use of U.S. Merchants' design and trade dress;

6. All damages sustained by U.S. Merchants as a result of Harbor Freight's infringement and unlawful actions;

7. Treble damages under the Lanham Act as a result of Harbor Freight's willful trade dress infringement;

8. Recovery of any gains, profits and advantages Harbor Freight has obtained as a result of Harbor Freight's unlawful actions;

9. A declaration that this is an exceptional case within the meaning of the term under 15 U.S.C. § 1117;

10. An award to U.S. Merchants of its costs in this action, including its reasonable attorneys' fees under at least 15 U.S.C. § 1117, and any other applicable authority; and

113364239.3

1      11.    Such other and further relief as the Court deems proper.

Dated: January 29, 2021      Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By   /s/Drew Wilson
       Anne Wang
       Drew Wilson

Attorneys for Plaintiff
U.S. MERCHANTS FINANCIAL GROUP, INC.

113364239.3

## JURY DEMAND

Plaintiff U.S. Merchants Financial Group, Inc. hereby demands a jury trial on all issues for which a jury trial is permitted.

Dated: January 29, 2021

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By  /s/Drew Wilson
Anne Wang
Drew Wilson

Attorneys for Plaintiff
U.S. MERCHANTS FINANCIAL GROUP, INC.

113364239.3